

May 13, 2019

**BY ECF**

Honorable Judge Lois Bloom
United States District Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Dennis v. Carlisle Etcetera LLC.</u>, 18-cv-07109(NGG)(LB)

Dear Magistrate Bloom,

This firm represents Defendant Carlisle Etcetera LLC ("Defendant"). Pursuant to the March Order of this Court, counsel for Defendant and counsel for Plaintiff Derrick Dennis ("Plaintiff") submit this joint letter and proposed Case Management Plan on behalf of all parties in anticipation of the May 14, 2019 Initial Pre-trial Conference.

1. **Brief Statement of the Nature of the Case**

<u>Plaintiff</u>: This lawsuit concerns whether Defendant is violating the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law and New York State Civil Rights Law, by failing to make its website equally accessible to the visually impaired. Defendant's website is a gateway to and heavily integrated with their physical locations: listing the store's locations and operation hours; and allowing customers to learn about products, goods, offers and services such as promotions and special offers.

Plaintiff Dennis is legally blind and cannot use a computer without the assistance of screen-reading software. Defendants' website is, however, not designed to be read by screen-reading software. Because of this, Plaintiff Dennis encountered multiple barriers that denied him access to the website and physical locations equal to sighted individuals. He could not, for example, learn

11 Prospect Street, Suite 1A
t/f: 631.423.3440 c 212.242.6152
andrea.moss@alilawgroup.com
www.alilawgroup.com

where the stores are located or their hours of operation, thereby deterring him from visiting the physical location.

In the Complaint, Plaintiff Dennis asserts Defendant's store and website are a "place of public accommodation," and the website is also a "service of those physical places of public accommodation under the ADA, NYSHRL and NYCHRL." He further asserts Defendant is violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website as it was not complaint with the ADA at the time the lawsuit was commenced and remains to pose accessibility barriers and is non-complaint up until today.

As Plaintiff has noted to Defendant and would like to make clear to the court, the parties have not reached an agreement as to a twenty-four-month remediation period. Plaintiff and Defendant have discussed the potential for early resolution along with remediation terms that Plaintiff would consider if the parties were able to continue settlement discussions and ultimately agree to an all-encompassing settlement.

Defendant:   Defendants' website is compliant.  Defendant recently overhauled their website to improve the user experience for blind and visually impaired visitors to the website.  Defendants have reviewed all of the underlying coding on the website to look for possible accessibility issues. At this time, the Website is reasonably accessible to visually-impaired individuals using most commercially available screen-readers and a standard computer keyboard. In addition, the parties have reached an agreement as to a remediation period.

Given the full accessibility of Defendant's website and the parties' agreement to a remediation period during which additional remediation can take place, if necessary, the only outstanding issue in this matter is Plaintiff's counsel's attorneys fees.

1. **Brief Statement Regarding Subject Matter Jurisdiction and Venue.**

Plaintiff: This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C.§ 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

### 2. Contemplated Motions

Plaintiff: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(b) class certification.

Defendant: Following the close of discovery, Defendant anticipates making a motion for summary judgment.

### 3. Description of Discovery Exchanged.

No discovery has been exchanged.

### 4. Computation of each category of damages claimed.

Plaintiff: Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to the plaintiff and the proposed subclasses for violations of their rights under the NYSHRL, NYSCRL, and NYCHRL in addition to costs and attorneys fees.

Defendant: The only question that remains to be resolved is the amount of Plaintiff's attorneys fees.

### 5. Status of Settlement Discussions.

Plaintiff: As noted above, the parties have not agreed to a twenty-four-month remediation period. Plaintiff would propose defendant enter into an agreement to monitor compliance moving forward as part of an all-encompassing settlement. At this time, Plaintiff would request the parties continue discussions among themselves and would not consent to a settlement conference of mediation.

Defendant: As noted above, the parties have agreed to a remediation period during which time Defendants can continue to improve any accessibility issues. Therefore, the only issue that remains is the monetary amount of settlement. This case can be resolved with either a settlement conference or through mediation.

Respectfully submitted,

ALI LAW GROUP PC